IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEXINGTON INSURANCE COMPANY
and METRO,

                Plaintiffs,

v.

INSINKERATOR, a Division of Emerson
Electric Co.,

                Defendant.

No. 3:19-cv-00250-AC

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge John Acosta issued a Findings and Recommendation on December 12, 2019, in which he recommends that this Court grant Defendant's motion to dismiss. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    Plaintiffs filed timely objections to Magistrate Judge Acosta's Findings & Recommendation. Pl. Obj., ECF 31. When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Having reviewed the Findings & Recommendation, Plaintiffs' objections, Defendant's response to Plaintiffs' objections, and the relevant portions record, the Court adopts in part the Magistrate Judge's Findings & Recommendation. The Court declines to adopt the Magistrate Judge's finding that the doctrine of *nullum tempes occurrit regi* ("the doctrine") does not apply because the Amended Complaint sufficiently alleges that Metro acted in a governmental capacity, rather than a business or proprietary capacity, when it purchased and used the water heater.

The doctrine exempts a government entity from application of a statute of limitations when two requirements are met: first, it applies only when a government entity acts to benefit the public, not when it acts to vindicate private, rather that public, rights; second, it applies only to general statutes of limitation, unless the statute expressly provides otherwise, and does not apply to specific statutes of limitation. *See Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 159-60 (1999) (discussing reasoning that general statutes of limitations do not run against the government in order "to protect the public form the negligence of public officials who fail to assert claims in a timely manner after they discover, or should have discovered, an injury."); *Ebell v. City of Baker*, 137 Or. 427, 439-40 (1931) ("[T]he statute of limitations runs against the city in its proprietary or business capacity."). The Court agrees that Or. Rev. Stat. § 30.905(1) is a specific, rather than general, statute of limitation and adopts that portion of the Magistrate Judge's Findings & Recommendation.

2 - ORDER

The Amended Complaint alleges that "Lexington, at all relevant times was the insurer for Metro ("Metro"), and its commercial property . . ." and that "Metro owned the [b]uilding." Pl. Am. Compl. ¶ 3, ECF 1-3. Based only on the Amended Complaint's description of the building as a "commercial property," the Magistrate Judge concluded that the Amended Complaint sufficiently alleged that "Metro acted in a proprietary or business capacity or business capacity when purchasing and using the [w]ater [h]eater, and Plaintiffs are precluded from invoking the [d]octrine on that basis." F&R 8. The Court disagrees.

The allegation in the Amended Complaint, when read in context, alleges that Lexington insured a commercial property owned by Metro. No allegations in the Amended Complaint describe the capacity that Metro acted in when it purchased and used the water heater. Accordingly, the Court declines to adopt the Magistrate Judge's conclusion that Metro acted in a business or proprietary capacity. The Court's ruling does not change the outcome, however, because for the doctrine to apply, the statute of limitation must be a general statute of limitation, and the Court finds that it is not.

Plaintiffs argue for the first time in their objections to the Magistrate Judge's Findings & Recommendation that the Magistrate Judge erred when he failed to consider Fed. R. Civ. P. 3 and instead applied only Oregon common law to determine whether Plaintiffs' claim is barred by the statute of limitations. Pl. Obj. 6. Even if that argument were timely, Plaintiffs are incorrect. State procedural rules apply to cases filed in state court until they are removed to federal court. *Prazak v. Local Int'l Union of Bricklayers & Allied Crafts*, 233 F.3d 1149, 1153-54 (9th Cir. 2000); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). As a result, the Court rejects Plaintiffs' argument that Fed. R. Civ. P. 3's ninety-day service requirement, and not Oregon's sixty-day service requirement, applies.

3 - ORDER

The Court has carefully considered Plaintiffs' objections and concludes that there is no other basis to modify the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the remainder of the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Acosta's Findings and Recommendation [29]. Defendant's Motion to Dismiss [4] is GRANTED.

IT IS SO ORDERED.

DATED: May 27, 2020.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER